UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REGINA WILLIAMS,**

      **Plaintiff,**

**v.**                                                **Case No: 6:17-cv-00242-Orl-31DCI**

**TIMOTHY ALLEN and
MICHELLE TILLMAN,**

      **Defendants.**

## ORDER

This matter comes before the Court on Defendant, Officer Michelle Tillman's Motion to Dismiss Plaintiff's Complaint (Doc. 8), Defendant, Officer Timothy Allen's Motion to Dismiss Plaintiff's Complaint (Doc. 18), and Plaintiff Regina William's responses in Opposition (Docs. 13, 19).

**I.    BACKGROUND**

This case arises out of Officers Timothy Allen and Michelle Tillman's ("Defendants") investigation of an accident caused by Plaintiff Regina Williams almost a decade ago. On March 6, 2008, Plaintiff was in the process of taking her daughter to school. (Doc. 2, ¶ 16). When she encountered heavy traffic, Plaintiff decided to drop her daughter off in a construction area which would allow her to walk safely to school. (*Id.*). As she made a left hand turn across traffic to the construction area, Plaintiff heard the loud crash of a motorcycle on the right side of her vehicle. (*Id.* ¶ 17). Plaintiff did not see the motorcycle prior to impact. (*Id.* ¶ 18). The motorcyclist flew over Plaintiff's vehicle and landed in the adjacent lane suffering significant injuries. (*Id.*). The motorcyclist was pronounced dead at the Health Central Emergency Room.

1

(*Id.*). Finding no evidence that Plaintiff intended to harm the motorcyclist, the responding officers allowed Plaintiff to go home without incident. (*Id.* ¶ 19).

Five months later, Officer Michelle Tillman ("Officer Tillman") continued investigating the accident and reviewed Plaintiff's driver's license history on the Driver and Vehicle Information Database ("DAVID"). The DAVID search revealed "that at the time of the accident [Plaintiff] had a suspended license" for failure to pay a traffic fine. (*Id.* ¶¶ 21, 24). According to Plaintiff, "th[e] suspension was a retroactive suspension [and] did not go into effect until April 25, 2008, . . . over a month after the accident," but the suspension appeared on DAVID "[b]ecause the Defendants ran another check of [Plaintiff's] driving privilege about five months after the accident. (*Id.* ¶¶ 22, 25). Plaintiff alleges that "Defendants could clearly see that Plaintiff's license was not suspended at the time of the of the accident but intentionally filed charges with the state attorney's office [("State")] which lead to her arrest and [] prosecut[ion]." (*Id.* ¶ 28).

"[O]n or about September 12, 2009[,] . . . [Plaintiff] received a summons and citation via [c]ertified mail charging her with Driving While License Suspended with Death." (*Id.* ¶ 14). In November 2010, the State filed an information formally charging Plaintiff with Driving Without a Valid License Causing Serious Bodily Injury or Death, a third degree felony. (*See* Doc. 8, p. 11; *see also* Doc. 2, ¶ 15). The state court subsequently entered a Probable Cause Order finding "that probable cause exist[ed] for the arrest of [Plaintiff]" (*see* Doc. 8, p. 12), and issued a capias, i.e. an arrest warrant (*see* Doc. 18-1). On December 26, 2010, a non-party officer arrested Plaintiff pursuant to the warrant. (*Id.*). Almost two years later, the criminal case was terminated in favor of Plaintiff. (Doc. 2, ¶¶ 48, 58).

On December 12, 2016, Plaintiff filed suit against Defendants in the Circuit Court for the Ninth Judicial Circuit in Orange County. *See State v. Williams*, Case No. 2016-CA-010767-0

2

(Fla. 9th Cir. Ct.).[1] In the Complaint, Plaintiff asserts state law claims for false arrest/false imprisonment (Counts I & II), malicious prosecution (Counts III & IV), and intentional infliction of emotional distress ("IIED") (Count V & VI). (*See* Doc. 2, ¶¶ 61–78). In addition to her state law claims, Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 for Defendants' alleged "violations of the Fourth and Fourteenth Amendments to the United States Constitution." (Counts VII & VIII). (*See id.*, ¶¶ 79–100). Plaintiff fails to identify the specific theories under which she is bringing his Section 1983 claims. However, from what the Court can discern, Plaintiff is asserting federal claims for false arrest and malicious prosecution.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

When a complaint "fails to state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). *Iqbal*, 556 U.S. at 672, 678–79 (2009). In ruling on a motion to dismiss, courts must limit their consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). Courts also must accept all well-pled factual allegations—but not

---

[1] Defendants timely removed the action to this Court on February 9, 2017. (Doc. 1).

3

legal conclusions—as true. *Tellabs*, 551 U.S. at 323. After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content" sufficient to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

**III. ANALYSIS**

Defendants argue that the Court should dismiss the Complaint because Plaintiff has failed to meet the minimum pleading requirements with respect to each of her claims. Defendants also argue that Plaintiff's false arrest claim is barred by the applicable statute of limitations. The Court will address each claim in turn.[2]

**A. False Arrest/False Imprisonment**[3]

*1. Statute of Limitations*

Section 1983 provides a federal cause of action for persons subjected to the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Wallace v. Kato,* 549 U.S. 384, 387 (2007). Florida has a four-year statute of limitations for personal injury

---

[2] Defendants also claim that they are entitled to qualified immunity. However, as discussed below, Plaintiff fails to state a claim upon which relief may be granted, therefore, a qualified immunity analysis is premature.

[3] Although Plaintiff mentions both false arrest and false imprisonment, based on the alleged circumstances these are the same causes of action. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). As such, the Court will refer to the two torts together as false arrest.

torts. *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Wallace,* 549 U.S. at 388. Federal law establishes that the statute of limitations for a Section 1983 claim accrues when the plaintiff has a "complete and present cause of action" and can thus "file suit and obtain relief." *Id.*

Here, Plaintiff's alleged false arrest occurred on December 26, 2010, however, her Complaint was not filed until December 12, 2016, more than four years after the date of her arrest. Defendants contend that the statute of limitations for Plaintiff's false arrest claims accrued at the time of her arrest and are therefore time-barred.[4] Plaintiff, on the other hand, contends that the limitations period did not start to run on her false arrest claims until she became aware of the illegality of her arrest—that is, until state court Judge Bob LeBlanc made a factual determination that her license was not suspended at the time of the accident and granted her motion to dismiss all criminal charges. (Doc. 13, pp. 4–5; Doc. 19, pp. 7–8). Plaintiff's argument, however, lacks merit and is unsupported by any legal authority.[5]

The United States Supreme Court has explicitly held that "the statute of limitations upon a [Section] 1983 claim seeking damages for a false arrest, . . . begins to run at the time the claimant becomes detained pursuant to legal process."[6] *Wallace,* 549 U.S. at 397. As such, absent some

---

[4] Defendants do not argue that Plaintiff's claim for malicious prosecution is time-barred, likely because the State appealed the court's ruling in the State Action and "the statute of limitations for a malicious prosecution action does not start to run until the appeal is decided, or the time for taking such an appeal has expired." *Pendarvis v. Helms*, No. 8:04-cv-2261-T-27TGW, 2009 WL 10643956, at *4 (M.D. Fla. Mar. 12, 2009) (citations omitted).

[5] Even accepting Plaintiff's argument, her false arrest claim would have accrued no later than November 30, 2012, when Judge Bob LeBlanc held a hearing and granted Plaintiff's motion to dismiss the criminal charges against her. *See State v. Williams*, Case No. 2016-CA-010767-0 (Fla. 9th Cir. Ct.). Judge Bob LeBlanc subsequently memorialized his ruling in a written order dated December 11, 2012. (*See id.*).

[6] Under Florida law, "it is [also] established that the cause of action for false imprisonment accrues on the day of arrest." *See Bush v. City of Daytona Beach*, No. 6:12-cv-1541-ORL-36, 2013

5

tolling or delay in accrual, Plaintiff's false arrest claim began to accrue when she was arrested pursuant to legal process on December 26, 2010, and expired on December 26, 2014. *See Shepherd v. Wilson*, 663 F. App'x 813, 817 (11th Cir. 2016) (citing *Wallace* and rejecting the plaintiff's argument that his false arrest claim did not accrue until the state circuit court dismissed all charges against him and ruled in his favor on appeal).

In appropriate circumstances, to avoid a statute of limitations bar, a party may invoke the doctrine of equitable estoppel. This doctrine may deflect a statute of limitations "when a plaintiff fully . . . recognizes the basis for suit, but the wrongdoer prevails upon [him] to [forgo] enforcing his right until the statutory time has lapsed." *Cook v. Deltona Corp.*, 753 F.2d 1552, 1563 (11th Cir.1985) (citation omitted). Here, Plaintiff argues that Defendants are equitably estopped from asserting a statute of limitations defense. Notably, however, the Complaint contains no facts suggesting that Defendants took actions that caused Plaintiff to forgo bringing her false arrest claims within the limitations period. In her Response, Plaintiff argues that Defendants should be estopped because unidentified records were destroyed by an unidentified person, thus "[Plaintiff] was unable to obtain the documented proof of her innocence and had to litigate the issue." (Doc. 19, pp. 7). Plaintiff's argument is flawed.

The doctrine of equitable estoppel is not designed to delay the limitations period until a plaintiff becomes satisfied that she has enough evidence to prove her innocence. Instead, equitable estoppel is only available where a defendant induces a plaintiff to forbear filing suit. *See Cook*, 753 F.2d at 1563. The Court cannot conceive of a set of facts which Plaintiff could allege to properly invoke the doctrine of equitable estoppel. Nevertheless, Plaintiff will not be precluded

---

WL 3209430, at *3 (M.D. Fla. June 24, 2013) (citing *Dade v. Metro–Dade Police Dep't.*, 557 So. 2d 608 (Fla. 3d DCA 1990) (affirming that the false imprisonment claim accrued at the time of plaintiff's arrest rather than several years later when he allegedly discovered the subject computer error); *see also Leatherwood v. City of Key West*, 347 So. 2d 442, 442 (Fla. 3d DCA 1977).

from attempting to cure the defects in her pleading. Plaintiff's claims for false arrest will be dismissed without prejudice and she will be afforded the opportunity to amend her Complaint to include—if she can do so in good faith—allegations that would support her invocation of equitable estoppel.

        2.        Sufficiency of the Allegations

The Court also notes that Plaintiff's false arrest claims are inadequately pled. An arrest without probable cause violates the Constitution and provides a basis for a Section 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) Likewise, an arrest and detention pursuant to a facially valid warrant will not support a false arrest or false imprisonment claim. *Press v. Sheriff of Broward Cty., Fla.*, No. 6:11-cv-1788-ORL-28, 2013 WL 4437238, at \*\*6, 8 (M.D. Fla. Aug. 16, 2013); *Betts v. Hall*, No. 3:14-cv-33/MCR/EMT, 2015 WL 3447500, at \*7 (N.D. Fla. May 27, 2015) (explaining that a capias or warrant issued prior to an arrest "break[s] the chain of causation for the detention from the alleged false arrest").

Under such circumstances, a claim for false arrest cannot be sustained against the arresting officer absent a showing that the officer knowingly and intentionally, or recklessly made false statements or omissions in applying for the arrest warrant. *Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003); *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004); ("[F]alsifying facts to establish probable cause is patently unconstitutional"); *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997). Similarly, where, as here, the named defendants are not the officers who made the arrest, the plaintiff must show that the defendants knowingly provided false, material information leading to the plaintiff's arrest and detention. *See Mead v. McKeithen*, 571 F. App'x 788, 791 (11th Cir. 2014) (holding that it is irrelevant that the defendant was not the arresting officer, "where falsified evidence provided by an officer is necessary to substantiate the

probable cause for a plaintiff's arrest, that officer can be held liable") (citing *Kingsland*, 382 F.3d 1232).

Plaintiff argues that the Complaint contains sufficient facts as to the lack of probable cause for her arrest because "it is alleged (and was factually proven) that [Plaintiff's] license was not suspended [on] the date of incident and therefore [she] could not be criminally charged in the accident." (Doc. 19, p. 9). Plaintiff's argument lacks merit. The mere fact that Plaintiff apparently proved that she did not commit the crimes charged is irrelevant to the validity of her arrest. *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Furthermore, as Defendants point out, Plaintiff's arrest was pursuant to an arrest warrant. (*See* Doc. 18-1). Therefore, Plaintiff must sufficiently allege that the warrant was not facially valid, or that (1) Defendants—as the non-arresting officers—intentionally or recklessly made false statements or omissions in procuring the arrest warrant, and (2) that said false statements or omissions were necessary to the finding of probable cause. *See Holland v. City of Auburn, Alabama*, 657 F. App'x 899, 903 (11th Cir. 2016).

The Complaint raises a single allegation with respect to the arrest warrant: "The restraint of Plaintiff by Tillman and [Allen], was unlawful, was based upon false facts that were used to obtain a warrant" (Doc. 2, ¶ 33, 39). Absent from the Complaint are any allegations that either Defendant made false statements or omissions in procuring the warrant. Moreover, the Complaint does not present any factual allegations regarding the nature of the alleged "false facts" or why such facts were false. Plaintiff has presented nothing more than a conclusory, and formulaic recitation of the elements needed to state her false arrest claim. While such a conclusory statement may provide a framework of a complaint, the Court will not consider it to be true unless it is supported by factual allegations that put the Court and Defendants on fair notice of her claim "and

the grounds upon which it rests." [7] *Iqbal*, 556 U.S. 698–99. For the foregoing reasons, the Court finds that Plaintiff has not stated a viable claim for false arrest.

### B. Malicious Prosecution

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). Plaintiff must establish six elements to support a claim of malicious prosecution under Florida law: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." *Id*. at 1234. As Defendants point out, Plaintiff fails to allege facts demonstrating that Defendants were the "legal cause of the original proceeding."

> [T]he general rule is that if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer or if the officer makes an independent investigation, the defendant is not regarded as having instigated the proceeding. However, if the defendant's persuasion is the determining factor in inducing the officer's decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be held liable.

---

[7] Perhaps realizing the insufficiency of her allegations, Plaintiff attempts to use her Response to expand and supplement the allegations contained in her Complaint. A plaintiff, however, cannot amend a pleading through statements contained in a response brief. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) (explaining a complaint cannot be amended through a response to a motion to dismiss (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); *see also Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997).

*Hill v. Lee Cty. Sheriff's Office*, No. 2:11-cv-242-FTM-29, 2013 WL 4080323, at *3 (M.D. Fla. Aug. 13, 2013) (citation omitted). Here, Plaintiff has not alleged any facts indicating that Defendants gave the State information that they knew to be false and unduly influenced the State to file criminal charges against Plaintiff. Instead, Plaintiff simply alleges that:

> [her] prosecution was instituted without probable cause as a result of the false allegations [Defendants] made prior to forwarding the case to the [State], and the matters which moved them to institute the aforementioned prosecution would not have warranted a reasonable officer to believe that any criminal offense had been committed by Plaintiff warranting Plaintiffs case to be sent to the [State].

(Doc. 2, ¶¶ 46, 56).

Notably, however, Plaintiff does not allege any facts concerning the form or substance of the evidence or information she claims Defendants fabricated. Plaintiff's threadbare, conclusory allegations are insufficient to satisfy the legal cause element of her claim for malicious prosecution. As such, Plaintiff's claim for malicious prosecution is due to be dismissed for failure to state a claim.

### C. Intentional Infliction of Emotional Distress

In Counts V and VI, Plaintiffs asserts claims for IIED. (Doc. 2, ¶¶ 61–78). To state a claim for intentional infliction of emotional distress under Florida law, the plaintiff must prove (1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which must have caused suffering; and (4) the suffering must have been severe. *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir.1990) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla.1985). Liability will lie only where the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *McCarson*, 467 So.2d at 278–79.

Plaintiff's claim for IIED appears to be premised on her alleged false arrest and

Defendants' alleged fabrication of evidence. To the extent that Plaintiff's IIED claim is premised on Defendants alleged false arrest, her claim fails. False arrest itself does not rise to the level of outrageous and extreme behavior necessary to state a cause of action for IIED. *See Davis v. City of Apopka*, No. 6:15-cv-1631-ORL-37KRS, 2016 WL 3571018, at *9 (M.D. Fla. July 1, 2016) (explaining that "simple allegations of false arrest, do not, as a matter of law, give rise to a claim for IIED"); *see also Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011) ("While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct.").

Further, while an officer's fabrication of evidence in order to inculpate a criminal suspect may constitute the extreme and outrageous behavior sufficient to support a claim of IIED, *Davis*, 2016 WL 3571018, at *9, as discussed above, Plaintiff has not alleged sufficient factual content from which the Court can reasonably infer that Defendants made misleading statements or omissions to support Plaintiff's arrest and/or prosecution. Therefore, Plaintiff's claim for IIED is also due to be dismissed.

## IV. CONCLUSION

In consideration of the foregoing, it is hereby

**ORDERED** that Defendants Motions to Dismiss (Doc. 8, 18) are **GRANTED**. Plaintiff's Complaint (Doc. 2) is **DISMISSED**, without prejudice. Plaintiff may file an amended complaint by May 15, 2017. Failure to timely file an amended complaint will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 2, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE