# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REGINA WILLIAMS,**

  **Plaintiff,**

**v.**                 Case No: 6:17-cv-242-Orl-31DCI

**TIMOTHY ALLEN and MICHELLE TILLMAN,**

  **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 24) filed by the Defendants and the response in opposition (Doc. 25) filed by the Plaintiff, Regina Williams.

### I. Background

According to the allegations of the Amended Complaint (Doc. 21), which are accepted in pertinent part as true for purposes of resolving the instant motion, Williams is an Orange County resident, and the Defendants – Timothy Allen ("Allen") and Michelle Tillman ("Tillman") – are officers with the Ocoee Police Department. Williams was involved in a traffic accident on March 6, 2008 in which the other driver was killed and Williams was determined by the police to be at fault. (Doc. 21 at 4). On April 25, 2008, her license was suspended for an (unrelated) failure to pay a traffic fine. (Doc. 21 at 4).

In August 2008, Tillman conducted a search on DAVID – Florida's Driver and Vehicle Information Database – regarding Williams. (Doc. 21 at 4). Tillman found "that Williams had a suspended license but her license was not suspended at the time of the accident." (Doc. 21 at 4).

Despite knowing that Williams' license was not suspended on the day of the accident, the Defendants informed the state attorney and the state court to the contrary. (Doc. 21 at 5). More specifically, Tillman submitted a report containing the false information, and Williams submitted it to the court and to the state attorney. (Doc. 21 at 5). Relying on this information, the state attorney filed charges against Williams for violating Florida Statute § 322.34(6), driving without a valid driver's license causing serious injury or death, a third degree felony. Williams was arrested on September 12, 2009.[1] (Doc. 21 at 3).

On December 11, 2012, a state court judge, Bob Leblanc, dismissed the charges against Williams. (Doc. 21-5 at 1). In that order (henceforth, the "Dismissal Order"), Judge LeBlanc noted that the prosecution had asserted that Williams' license had been suspended as of March 6, 2008 but had had not presented any evidence to prove this point. (Doc. 21-5 at 1). Judge LeBlanc then stated that

> In fact, the infraction … for which her license was allegedly suspended shows via Clerk's Office "events" to have a notice of suspension issued on May 1, 2008 – almost two months after the crash.

(Doc. 21-5 at 1).

On December 12, 2016, Williams filed the instant suit. In her Amended Complaint, Williams asserts two claims for malicious prosecution – one against each defendant – pursuant to 42 U.S.C. § 1983. By way of the instant motion, the Defendants seek dismissal of both claims.

---

[1] In her response to the instant motion, Williams asserts that she was arrested on December 28, 2010 rather than September 12, 2009, the date indicated in the Amended Complaint. (Doc. 25 at 1). In any event, the Defendants do not dispute that Williams was arrested at some point as a consequence of the accident.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis**

To establish a federal malicious prosecution claim under Section 1983, a plaintiff must prove two things: the elements of the common law tort of malicious prosecution and a violation of her Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 383 F.3d 1220, 1234 (11th Cir. 2004). Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Id.* As for the second prong, it is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citing cases).[2]

In this case, the Defendants argue that there was probable cause to arrest Williams, and therefore she cannot satisfy the "unreasonable seizure" prong of her Section 1983 malicious prosecution claim. Specifically, the Defendants point to a document attached to the Dismissal

---

[2] Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe under the circumstances shown that the suspect has committed, is committing, or is about to commit an offense." *Rankin v. Evans*, 133 F. 3d 1425, 1435 (11th Cir. 1998).

Order.³ (Doc. 21-5 at 3-4). The document is the record of the docket in a civil traffic case against Williams. As Judge LeBlanc pointed out (Doc. 21-5 at 1) in the Dismissal Order, that document (henceforth, the "Traffic Docket") reflects that a driver's license suspension issued to Williams on May 1, 2008. (Doc. 21-5 at 3). However, the Traffic Docket also shows a suspension issued to Williams on December 20, 2007 – and nothing indicating that this earlier suspension was lifted prior to the March 6, 2008 accident.⁴ (Doc. 21-5 at 3). As such, the Defendants argue, "it is reasonable to conclude" that in August 2008, when Defendant Tillman checked Williams' status, her license was actually suspended, and therefore Williams' September 2009 arrest for causing a serious accident while driving on a suspended license was supported by probable cause. (Doc. 24 at 5).

In response, Williams reiterates that her license was not suspended on the day of the accident and again asserts that the suspension relied upon by the Defendants as a basis for the criminal charge did not take effect "until April 25, 2008, which was over a month after the accident."⁵ (Doc. 25 at 2). She argues that the Traffic Docket shows that she completed a 4-hour defensive driving course on February 8, 2008 and that the officers would have known that this "reinstate[d] her license." (Doc. 25 at 4). However, the docket entry on that date reads as follows, in its entirety: "Complete 4hr DDC with Proof to the Clerk by". (Doc. 25-1 at 3). If

---

³ Williams attached the dismissal order – and the accompanying document – to her Amended Complaint. (Doc. 21-5). Exhibits attached to a pleading are properly considered a part of the pleading for all purposes. Fed.R.Civ.P. 10(c).

⁴ In contrast, the document does show a "Notice of D6 Satisfaction" on September 4, 2008. (Doc. 21-5 at 3).

⁵ The Court notes that the date Williams cites here for the suspension (April 25, 2008) does not match the dates shown for suspensions in the Traffic Docket (December 20, 2007 and May 1, 2008). Neither party has addressed this discrepancy.

anything, this suggests that Williams was being required to complete such a course, not recording that she had already done so. (Even assuming *arguendo* that she did complete such a course on (or by) that date, Williams has not presented any support for her contention that doing so would have resulted in an immediate reinstatement of her license.) Williams also fails to address the Defendants' point regarding the lack of a "Notice of D6 Satisfaction" – or some other indicator that she had completed all the necessary steps *and* had her driving privilege restored – between the December 2007 suspension and the March 2008 accident.[6]

Thus it appears that, as the Defendants argue, a reasonable police officer looking at the Traffic Docket in August 2008 could have concluded that Williams was driving on a suspended license when the accident occurred. It is not clear how much this matters, however. Williams has not alleged in her Amended Complaint that Tillman reviewed the Traffic Docket before assessing whether her license had been suspended, and so far as the Court can determine, Tillman does not assert that she did so. Instead, Williams alleges that Tillman searched through DAVID to determine the status of Williams' license. (Doc. 21 at 4). As such, the probable cause determination would appear to turn on the contents of that database, rather than the Traffic Docket.

The relevant portions of that database are not described in the Amended Complain. There is no explanation as to how the data that would have been found in that database in August 2008, when Tillman searched it, would have informed her that Williams' license was not suspended on March 6, 2008. Williams simply asserts that, after searching DAVID, the Defendants "knew that

---

[6] Williams raises one additional argument: that the Defendants lacked probable cause because the Traffic Docket does not contain any indication that she was ever provided notice of the suspension of her license. However, Williams has not shown that such information is normally included in the Traffic Docket, so that its absence would be noteworthy.

the Plaintiff's license was not suspended at the time [the accident occurred] and knew that they should not have filed charges against the Plaintiff."  (Doc. 21 at 4).   This unsupported assertion is insufficient to satisfy the requirements of *Twombly*.

It may be that Williams believes that the information in DAVID is identical [in pertinent part] to the information in the Traffic Docket (which is why the Court has attempted to address the arguments raised by the parties in relation to the Traffic Docket).   Or perhaps Williams believes that DAVID contained additional information showing that the December 2007 suspension was cured before March 2008.   Or perhaps Williams has a different theory entirely.   In any event, the Court will give Williams another chance to allege the facts behind her contention that the Defendants knew before filing the report with the court and the state attorney that Williams had not been driving on a suspended license when the accident occurred.

**IV.    Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 24) is **GRANTED IN PART**, and the Amended Complaint (Doc. 21) is **DISMISSED WITHOUT PREJUDICE**.   The Plaintiff may file an amended pleading on or before September 18, 2017.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 7, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party